Waldo Mercader **ROQUE**, **Libellant**,

v.

**UNITED STATES** of America, **Respondent**,

v.

**PUERTO RICO DRYDOCK & MARINE TERMINALS, INC.** and **Sucesores de Abarca, Inc.**, Respondents-Impleaded.

**No. 26–63.**

United States District Court
D. Puerto Rico.
March 18, 1964.

**179**

Harvey Nachman, San Juan, P. R., for libellant.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for respondent.

Fiddler, Gonzalez & Rodriguez, San Juan, P. R., for respondents-impleaded.

RUIZ-NAZARIO, Chief Judge.

I have given due consideration to respondent's Motion for Summary Judgment which came on for argument on January 31, 1964.

The present suit no doubt is governed by Sections 781–790 of Title 46 U.S.C.A., and the same, pursuant to the last sentence of Sec. 782 is subject to and must proceed in accordance with the provisions of Sections 741 to 752 (Chapter 20) of said Title 46.

See: Thomason v. United States, C.A. Cal.1950, 184 F.2d 105.

Hence, the period of limitation for bringing the action lasts two years from and after the cause of action arises, as provided in Sec. 745, Title 46 U.S.C.A.

As the action herein arose on September 13th 1961, date of the occurrence of the accident and the libel was filed in this court on September 3, 1963, i. e. prior to the expiration of said two years period, respondent's contention in its motion for summary judgment that the cause of action had lapsed at the time it was filed and must be dismissed on said account, is without merit.

The second ground of the motion is premised on the contention that the action was filed in the wrong forum, because pursuant to Sec. 782, Title 46 U.S. C.A. it had to be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States and that, as per the affidavit of O. B. Mager, attached to said motion, the said vessel was moored at the Naval Amphibious Base, Little Creek, Virginia, on September 3, 1963, date of the filing of the libel herein.

The provisions of Sec. 782, Title 46 U.S.C.A. are not jurisdictional but relate merely to venue.

See: Canadian Aviator Ltd. v. United States, 324 U.S. 215, 221, 65 S.Ct. 639, 89 L.Ed. 901.

In Re: Petition of Oskar Tiedemann & Company, (3 Cir. 1958) 259 F.2d 605.

The proper procedure, therefore, is not to request a summary judgment dismissing the action, but to move for a transfer or change of venue if desired.

It is true that in Untersinger v. United States, (2 Cir. 1949) 172 F.2d 298, cited by the respondent in its brief, the libel was *originally* dismissed. Later on, however, after the mandate in the action had gone down, the libellant moved to vacate the decree of dismissal and for an order transferring the suit to the Northern District of Ohio, the district of the libellant's residence, and it was so ordered. See Untersinger v. United States, (2 Cir. 1950) 181 F.2d 953, opinion of Chief Judge Learned Hand.

From the libel herein it appears (see Par. First and Jurat) that the libellant is a citizen of the Commonwealth of Puerto Rico, and a resident of Caparra Heights, San Juan, Puerto Rico.

Moreover, from the record in this action also appears that over a month prior to the filing of its motion for summary judgment, respondent filed an impleading petition addressed against two Puerto

Rican Corporations doing business in Puerto Rico. Both respondents impleaded have already answered said impleading petition.

I do not have to pass now on the question whether the respondent, by failing to request the transfer of venue before pleading any further and filing instead its impleading petition against two resident corporations waived its right to move for such transfer.

Respondent's motion for summary judgment must be, as it is therefore, hereby denied.

However, respondent is reserved the right to request the transfer of this action to the United States District Court for the Eastern District of Virginia having the venue thereof under Sec. 782, Title 46 U.S.C.A., the impleaded respondents and the libellant being also reserved the right to raise whatever objections they may deem appropriate in the matter.