**Edith SCRIBBINS, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a foreign mutual insurance company, Anna Benkendorf, Auto-Owners Insurance Company, a foreign mutual insurance company, Mary Ellen Dockter and Frank Alfred Dockter, Defendants.**

No. 68–C–371.

United States District Court
E. D. Wisconsin.

Oct. 9, 1969.

Milton S. Padway, Milwaukee, Wis., for plaintiff.

Arnold, Murray & O'Neill, by Lawrence F. Waddick, Milwaukee, Wis., for defendants Auto-Owners Ins. Co., Mary Ellen Dockter & Frank A. Dockter.

Kivett & Kasdorf, by John R. Henderson, Milwaukee, Wis., for defendants State Farm Mutual Automobile Ins. Co. and Anna Benkendorf.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is a negligence action, founded on diversity of citizenship. It arises out of an automobile accident which allegedly occurred in Michigan in December, 1965.

The court presently has before it various motions made by the defendants to dismiss and for a change of venue. Although these motions were filed in February, 1969, the court has not previously rendered its decision on them because of representations by the attorney for the plaintiff that settlements among the parties had rendered the issues moot.

In August, 1969, the attorney for several of the defendants wrote this court requesting action on the motions. Thereupon, the court set August 22, 1969 as the last date on which briefs relating to the motions could be filed by the parties, but no further briefs were filed by that date. The total time for the submission of briefs had by that time consumed almost six months. Only the attorney for the defendants Auto-Owners Insurance Company and its insureds, Mr. and Mrs. Dockter, has filed a brief on the motions.

Despite the plaintiff's assertion that settlements have rendered the issues moot, the court has not received any written stipulation or an order for dismissal. Accordingly, it must now enter its decision on the motions.

The plaintiff, Edith Scribbins, alleges that she is a resident of Colorado, and that the defendant, Anna Benkendorf, a resident of Wisconsin, was insured by the State Farm Mutual Automobile Insurance Co., an Illinois corporation with a local office in Wisconsin. Plaintiff also alleges that the defendants Mary Ellen Dockter and Frank Alfred Dockter, husband and wife, are residents of Michigan. Plaintiff further alleges that Mr. and Mrs. Dockter were insured by the Auto-Owners Insurance Company, a Michigan corporation with offices in Michigan.

According to the allegations of the complaint, plaintiff was a passenger in a car operated by Anna Benkendorf.

Plaintiff alleges that she was injured when a car driven by Frank Dockter collied with the Benkendorf car. Plaintiff alleges that both drivers were negligent.

The State Farm Mutual Automobile Insurance Company has moved to dismiss for lack of jurisdiction on the ground that no direct action lies against an insurer under Wis.Stat. § 260.11(1) (1965) for an accident which occurs outside Wisconsin. Auto-Owners Insurance Company has moved to dismiss on the same ground and because it had a no-action clause in the policy issued to cover its insureds, Mr. and Mrs. Dockter. Auto-Owners and Mr. and Mrs. Dockter have moved to dismiss for lack of grounds for the exercise of personal jurisdiction over them by courts situated in Wisconsin and, generally, for lack of jurisdiction. They also have moved to dismiss for improper venue or to transfer the case to Colorado, alleging that venue in Wisconsin is improper. Finally, Mrs. Dockter has moved to dismiss for failure to state a cause of action against her.

Two sections of the Wisconsin statutes concern the plaintiff's right to proceed in a direct action against Auto-Owners Insurance Company and State Farm Mutual Automobile Insurance Company without first reducing her claim against Mr. and Mrs. Dockter and Anna Benkendorf to judgment. In Frye v. Angst, 28 Wis.2d 575, 579, 137 N.W.2d 430 (1965), the supreme court of Wisconsin observed that the legislative history makes it clear

" * * * that we look to sec. 204.30 (4) to determine if there is direct liability and to sec. 260.11(1) to determine if the insurer may be made a party to the action despite its no action clause."

See also Koss v. Hartford Accident and Indemnity Company, 231 F.Supp. 376 (W.D.Wis.1964), affirmed 341 F.2d 472 (7th Cir. 1965).

### I. AUTO-OWNERS' MOTION TO DISMISS

Counsel for Auto-Owners states in his brief in support of the latter's motion to

dismiss that Auto-Owners is "a Michigan corporation which issued a policy in the State of Michigan which contained a 'no-action' clause". Plaintiffs do not deny this representation.

At the time of the accident, Wis.Stat. § 260.11(1) provided:

"The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, *provided the accident or injury occurred in the state of Wisconsin.*" (Italics supplied)

The supreme court interpreted this to mean that whether issued within or without Wisconsin, an insurance policy containing a no-action clause will permit a direct action against the insurer by an injured party only with regard to an accident which occurred in Wisconsin.

In 1967, the Wisconsin legislature amended Wis.Stat. § 260.11(1) to abrogate the no-action clauses of insurance policies *issued in Wisconsin* regardless of whether the accident occurred inside or outside Wisconsin. See 1967 Revisor's Note, 30 W.S.A. § 260.11(1) (Supp.1969). However, as amended Wis.Stat. § 260.11 (1) still provides

"If the policy of insurance was issued or delivered outside the state of Wisconsin, the insurer is by this section made a proper party defendant only if the accident or injury occurred in the state of Wisconsin."

■ While the court has been cited to no cases interpreting this amendment as it would apply here to Auto-Owners, the plain meaning of the statute is that an insurance policy issued outside Wisconsin containing a no-action clause prevents a direct action against the insurer when the accident occurs outside Wisconsin.

This court has previously considered the same issue in the unreported case of Haseker v. Maryland Casualty Company, case no. 68–C–251 (E.D.Wis. April 29, 1969) where it was said:

"In this case, the policy of insurance was issued in Illinois, and the accident also occurred in that state; thus, the contractual terms of the policy control, and a direct action is not permissible against Maryland Casualty. See Miller v. Wadkins, 31 Wis.2d 281, 142 N. W.2d 855 (1966). Therefore, the insurer's motion for summary judgment dismissing it from the action must be granted."

The direct action against Auto-Owners by the plaintiff must be dismissed. See Koss v. Hartford Accident and Indemnity Company, 231 F.Supp. 376 (W.D.Wis. 1964), affirmed 341 F.2d 472 (7th Cir. 1965).

## II. STATE FARM'S MOTION TO DISMISS

■ State Farm has also moved for dismissal on the same ground asserted by Auto-Owners; however, unlike the case of the latter, nothing in the record has identified where the State Farm policy of insurance was issued nor whether it contained a no-action clause. Therefore, the court is unable to grant the motion of State Farm to dismiss the action as to it.

## III. MR. AND MRS. DOCKTER'S MOTION TO DISMISS

Defendants Mr. and Mrs. Dockter have also moved to dismiss for lack of grounds for the exercise of personal jurisdiction over them by this court. The defendants are citizens of Michigan, the accident occurred in Michigan, and Mr. and Mrs. Dockter have made no voluntary appearance. Service was made in Michigan.

■ In my opinion, the plaintiff has shown no basis for the exercise of personal jurisdiction over Mr. and Mrs. Dockter. Accordingly, the action as to them must be dismissed. Rule 4(d) (7), Federal Rules of Civil Procedure, incorporates Wis.Stat. § 262.05. Sun-X

Glass Tinting of Mid-Wisconsin Inc. v. Sun-X International, 227 F.Supp. 365 (W.D.Wis.1964); Travelers Insurance Company v. George McArthur & Sons, 25 Wis.2d 197, 130 N.W.2d 852 (1964).

In view of the court's disposition of the motions previously discussed, no decision is required on the parties' other motions.

Therefore, it is ordered that the actions against the defendants Auto-Owners Insurance Company, Mary Ellen Dockter and Frank Alfred Dockter be and they hereby are dismissed. The motion to dismiss made by State Farm Mutual Insurance Company is denied without prejudice.