**Frank BOYANCE and Lonnie Boyance, his wife, Plaintiffs,**

**v.**

**Rudolph S. FADROSKI and the Western Casualty and Surety Company, Defendants.**

**No. 71–C–383.**

United States District Court, E. D. Wisconsin.

Nov. 16, 1971.

Murn, Ferr & Gumina, Milwaukee, Wis., for plaintiffs.

Kluwin, Dunphy, Hankin & Hayes, by Bernard J. Hankin, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff Frank Boyance alleges that he suffered damages when an automobile driven by him collided with one driven by the defendant Rudolph Fadroski on May 29, 1970, in Cook County, Illinois. Jurisdiction is based upon diversity of citizenship. A motion to dismiss the action or, in the alternative, to quash the service of the summons and complaint upon it has been filed by the defendant Western Casualty and Surety Co., Mr. Fadroski's automobile liability insurance carrier.

Following the submission of Western Casualty's motion to dismiss, and after receipt by the court of the parties' briefs with regard to the motion, Western Casualty filed an "amended motion to dismiss" in which it asserts that this court lacks jurisdiction "for the reason that no direct action exists under Wisconsin Statutes Sec. 260.11(1) for an accident outside the State of Wisconsin." A copy of the automobile liability policy issued to Mr. Fadroski accompanied Western Casualty's amended motion.

On October 21, 1971, this court sent a letter to counsel for the plaintiffs and Western Casualty in which the plaintiffs' attorney was given until October 29, 1971, to file a brief in opposition to Western Casualty's amended motion to dismiss; the time for a response by the plaintiffs subsequently was extended to November 5, 1971, but, to date, no brief has been received by the court.

The complaint alleges that Western Casualty is a Kansas corporation and "is authorized to engage in the public liability insurance business in the States of Wisconsin and Illinois." The copy of the automobile liability policy attached to the amended motion to dismiss shows that the policy originally was issued to Mr. Fadroski at a Tulsa, Oklahoma, address; following the accident which gave rise to the present action, the policy was amended to reflect a change by Mr. Fadroski to a Berwyn, Illinois, address. Paragraph seven of the "Conditions" section of the policy contains a "no-action" clause.

Section 260.11, Wis.Stats. (1969), provides for direct action against an insurer for damages caused by the insured's negligence. However, § 260.11(1) provides, in part:

"If the policy of insurance was issued or delivered outside the state of Wisconsin, the insurer is by this section made a proper party defendant only if the accident, injury or negligence occurred in the state of Wisconsin."

In Scribbins v. State Farm Mut. Auto. Ins. Co., 304 F.Supp. 1268, 1270 (E.D. Wis.1969), this court stated:

"In 1967 the Wisconsin legislature amended Wis.Stat. § 260.11(1) to abrogate the no-action clauses of insurance policies *issued in Wisconsin* regardless of whether the accident occurred inside or outside Wisconsin. . . . However, [because an insurer is a proper party defendant only if the accident, injury or negligence occurred in Wisconsin] . . .

the plain meaning of . . . [§ 260.-11(1)] . . . is that an insurance policy issued outside Wisconsin containing a no-action clause prevents a direct action against the insurer when the accident occurs outside Wisconsin."

Thus, § 260.11(1) bars the maintenance of a direct action in this court against Western Casualty on a policy issued outside Wisconsin and for an accident which occurred in Illinois; Western Casualty's amended motion to dismiss must be granted.