**Ralph K. KIRCHEN and Grace M. Kirchen, Plaintiffs,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, Defendant.**

Civ. A. No. 73–C–54.

United States District Court, E. D. Wisconsin.

Nov. 15, 1976.

Thomas L. Smallwood, Milwaukee, Wis., for plaintiffs.

George W. Greene, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

The plaintiffs commenced this action to recover for injuries sustained in an automobile collision allegedly caused by the negligence of the defendant's insured, Eldon C. Orth. In a decision dated March 14, 1975, this court dismissed the complaint as to Eldon C. Orth and held that Guaranty National Insurance Company ("Guaranty") was a proper party to the action despite the no action clause contained in the policy issued to Orth. The matters now before the court are the motions of Guaranty to dismiss the complaint on the basis of *res judicata* and collateral estoppel, to amend the order of March 14, 1975 to permit an interlocutory appeal, and, in the alternative, to transfer the action to another district. For the reasons hereinafter stated, the motion to dismiss is granted with respect to Ralph R. Kirchen and denied with respect to Grace M. Kirchen; and the motions to amend or to transfer are denied.

In August of 1973, Mr. Orth's insurer commenced an action in the County Court of Clay County, Minnesota, against Mr. Kirchen's insurer for damages arising out of the same accident. Mr. Kirchen counterclaimed for damages, alleging causal negligence on the part of Mr. Orth. Judgment was entered finding Mr. Kirchen 100% negligent. Minnesota has a comparative negligence law. Mrs. Kirchen was not a party to the Minnesota action.

█ Under the doctrine of *res judicata*, a judgment on the merits in a prior suit involving the same parties and same issues bars a second suit on the same cause of action. Under the doctrine of collateral estoppel, a judgment bars relitigation of the same issues between the same parties in a second suit based on a different cause of action. *Falk v. Falk Corp.*, 390 F.Supp. 1276 (E.D.Wis.1975). Even though the insurers brought the action in Minnesota, Mr. Kirchen was a named party, and is therefore bound by the final judgment in that action to the extent that the question of his negligence was actually litigated and determined. The doctrines of *res judicata* and collateral estoppel bar Mr. Kirchen from

relitigating that issue in this court. They do not bar Mrs. Kirchen.

█ Under the rule of *McCourt v. Algiers*, 4 Wis.2d 607, 91 N.W.2d 194 (1958) and *Conney v. Erickson*, 251 F.Supp. 986 (W.D. Wis.1966), a person not a party to the first litigation may relitigate the same issues with a person who was a party to the first action. The only exception being if the nonparty was in privy with a party to the first action. Mrs. Kirchen was not privy to Mr. Kirchen in the Minnesota action. The Wisconsin Supreme Court defines privies as those who succeed to the ownership of property or some right or interest therein under one of the parties to the litigation. *Kimberly Clark Co. v. Patten Paper Co.*, 153 Wis. 69, 140 N.W. 1066 (1913); *Falk, supra.* Mrs. Kirchen has not succeeded to her husband's rights to recover damages. She has a right separate and distinct from her husband.

█ As to Mrs. Kirchen's right to have her claim litigated before this court, it appears that there are valid considerations advanced by both sides in support of their choice of venue. However, it cannot be said that the balance of convenience and justice weighs heavily in favor of the defendant. Mrs. Kirchen resides in this state and has chosen this forum. Her treating physician resides here and many of the medical records that may be introduced into evidence are located here. The defendant has failed to make a clear showing of both convenience of the transferee forum and an absence of countervailing circumstances establishing significant connection between the plaintiff and this forum.

█ Finally, the defendant has moved to amend the court's decision and order of March 14, 1975, to include the necessary language under 28 U.S.C. § 1292(b) to permit an interlocutory appeal. Section 1292(b) permits a district judge to certify an interlocutory order for appeal if it (1) involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termina-

tion of the litigation. The defendant has failed to satisfy these requirements.

 The defendant contends that there is substantial ground for difference of opinion as to the effect of the no action clause as evidenced by two recent Eastern District decisions, *Scribbins v. State Farm Mutual Auto Ins. Co.*, 304 F.Supp. 1268 (E.D.Wis. 1969); *Boyance v. Fadroski*, 339 F.Supp. 812 (E.D.Wis.1971), allegedly contrary to this court's decision and order of March 14, 1975. These decisions, however, are not contrary to this court's March 14th decision. Both of those cases held that a no action clause in a policy of insurance issued outside of Wisconsin barred an action in the United States District Court for the Eastern District of Wisconsin for a collision which occurred outside of Wisconsin. Those decisions correctly interpreted § 260.11 Wis.Stats. (1969). The March 14th decision of this court does not deviate from the correct interpretation of § 260.11. Rather, this court, in exercising its established powers of equity, determined that the defendant, Guaranty, was estopped from asserting § 260.11 as a bar to the plaintiffs' action because of the conduct of the defendant's agent during settlement negotiations with the plaintiffs.

Also, permitting an appeal in this case would not materially advance its ultimate termination. Congress intended § 1292(b) to be used only in exceptional cases where it might aid in avoiding protracted and expensive litigation. Congress did not intend to authorize interlocutory appeals in ordinary suits for personal injuries or wrongful death that can be tried and disposed of on their merits in a few days of trial. *Haraburda v. United States Steel Corp.*, 187 F.Supp. 86 (W.D.Mich.1960); *Milbert v. Bison Laboratories*, 260 F.2d 431 (3rd Cir. 1958); *Cardwell v. Chesapeake & Ohio Ry. Co.*, 501 F.2d 444 (6th Cir. 1974).

For the foregoing reasons,

IT IS HEREBY ORDERED that the defendant's motion to dismiss is granted as to Ralph R. Kirchen and denied as to Grace M. Kirchen.

IT IS FURTHER ORDERED that the defendant's motion to amend the decision and order of March 14, 1975, is denied.

IT IS FURTHER ORDERED that the defendant's motion to transfer is denied.