Harriet **BIELKE** and Ralph Bielke, **Plaintiffs**,

v.

**IOWA NATIONAL MUTUAL INSURANCE COMPANY, Defendants.**

**Civ. A. No. 77–C–481.**

United States District Court, E. D. Wisconsin.

June 9, 1978.

Michael J. Mathis, Madison, Wis., for plaintiffs.

Michael A. Mesirow, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a diversity action arising out of a car accident which occurred in the state of Iowa in September 1976.[1] The defendant Iowa National Mutual Insurance Company has moved to dismiss the action for several reasons, including lack of subject matter jurisdiction. For the reasons hereafter stated, the motion will be granted.

The plaintiffs are Wisconsin residents. The defendant Iowa National Mutual Insurance Company has its primary place of business in the state of Iowa. The insurance policy which is the basis for this action was issued to the insured, John E. Gegner, in

1. Plaintiffs originally commenced separate actions, which were C.A. Nos. 77–C–481 and 77–C–482. On November 21, 1977, the Court ordered the actions consolidated under C.A. No. 77–C–481, and the titles consolidated.

Iowa and delivered in Colorado. No judgment has ever been rendered by a court for or against Mr. Gegner in connection with the September 1976 accident.

The policy of insurance which was issued to Mr. Gegner and which forms the basis for this action contains a clause prohibiting direct actions against the insurer unless a judgment has first been obtained against the insured party. Wisconsin's "direct action" statute, § 803.04(2) Wis.Stats. (1975), provides that, under certain circumstances which are satisfied in this action, an insurer is a proper party defendant in an action brought on account of any claim against the insured; however, it also provides:

> " * * * If the policy of insurance was issued or delivered outside this state, the insurer is by this paragraph made a proper party defendant only if the accident, injury or negligence occurred in this state."

In *Scribbins v. State Farm Mutual Automobile Insurance Company*, 304 F.Supp. 1268, 1270 (E.D.Wis.1969), Gordon, J., presiding, on facts similar to those presented in this case, the Court held with respect to then § 260.11(1), Wis.Stats. (1965), which is currently numbered as § 803.04(2), that:

> " * * * the plain meaning of the statute is that an insurance policy issued outside Wisconsin containing a no-action clause prevents a direct action against the insurer when the accident occurs outside Wisconsin."

The action against the insurer was therefore dismissed. See also *Boyance v. Fadroski*, 339 F.Supp. 812 (E.D.Wis.1971), Gordon, J., presiding.

Plaintiffs argue that this branch of the United States District Court for the Eastern District of Wisconsin has declined to follow *Scribbins* and *Boyance*, and has instead permitted direct actions against insurers which fall within the final sentence of § 803.04(2), Wis.Stats., which is set forth above. In support of their claim they cite *Kirchen v. Orth*, 390 F.Supp. 313 (E.D.Wis. 1975), Reynolds, J., presiding, wherein the Court permitted a direct action by Wisconsin residents (arising out of an accident in

Minnesota) against a Colorado insurer, whose policy of insurance contained a "no-action" clause. Plaintiffs misconceive the holding of the case. As explained by this Court in a subsequent decision in the same action, *Kirchen v. Guaranty National Insurance Company*, 422 F.Supp. 58, 61 (E.D.Wis. 1976), Reynolds, J., presiding:

> "The defendant contends that there is substantial ground for difference of opinion as to the effect of the no action clause as evidenced by two recent Eastern District decisions, *Scribbins v. State Farm Mutual Auto Ins. Co.*, 304 F.Supp. 1268 (E.D.Wis.1969); *Boyance v. Fadroski*, 339 F.Supp. 812 (E.D.Wis.1971), allegedly contrary to this court's decision and order of March 14, 1975 [390 F.Supp. 313]. These decisions, however, are not contrary to this court's March 14th decision. Both of those cases held that a no action clause in a policy of insurance issued outside of Wisconsin barred an action in the United States District Court for the Eastern District of Wisconsin for a collision which occurred outside of Wisconsin. Those decisions correctly interpreted § 260.11 Wis. Stats. (1969). The March 14th decision of this court does not deviate from the correct interpretation of § 260.11. Rather, this court, in exercising its established powers of equity, determined that the defendant, Guaranty, was estopped from asserting § 260.11 as a bar to the plaintiffs' action because of the conduct of the defendant's agent during settlement negotiations with the plaintiffs."

The Court found that the defendants' agents in Wisconsin, through their conduct during extensive and ongoing negotiations with the plaintiffs' attorney, had consistently misled him into believing that the policy of insurance would be available to the plaintiffs in their suit in Wisconsin.

No such equity considerations are presented in this action to bar the defendant from relying on the "no-action" clause contained in its policy of insurance. Plaintiffs have submitted two letters for the Court's consideration which they claim prove that the defendant in this action was

willing to enter into negotiations with the plaintiffs, thereby inducing them to believe that they could rely on the insurance policy for recovery.[2] In fact, the letters show only that the defendant offered in November 1976 and in January 1977 to meet with the plaintiffs' attorney to discuss the September 1976 accident. It does not appear that the plaintiffs or their attorney ever accepted the offer to meet. The last paragraph of the January 11th, 1977 letter specifically states:

> " * * * Although we have written to you previously and also called you about [a meeting], no meeting date, as yet, has been set. May we hear from you within the very near future as to your intentions?

> "Please be advised that we have no intentions of taking any further action on this claim until such meeting has been held."

Thus the Court finds that the plaintiffs' reliance argument is without merit.

■ Plaintiffs make one final argument, which is, that even if § 803.04(2)(a), Wis. Stats., would otherwise bar their suit, § 632.24, Wis.Stats. (1975), authorizes a direct action against the insurer. That section provides:

> "Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured."

Section 631.01(1), Wis.Stats. (1975), provides, however, that Chapters 631 and 632 of the Wisconsin Statutes apply only to insurance policies delivered or issued for delivery in Wisconsin. Plaintiffs therefore cannot rely on § 632.24 to maintain their action.

For the foregoing reasons,

IT IS ORDERED that the motion of the defendant Iowa National Mutual Insurance Company to dismiss this action is granted.

---

2. Since the plaintiffs have chosen to submit materials outside the pleadings and the briefs to the Court for consideration on the defendant's motion to dismiss, the Court is treating the motion as one for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rule 12(c). Since the defendant in its reply brief has made an argument with respect to the letters submitted by plaintiffs with their answering brief on the motion to dismiss, the Court finds that both parties have treated the motion as one for partial summary judgment, and therefore need no additional notice that the Court also will treat it as such.