ASOCIACION DE PESCADORES DE VIEQUES, INC. et al, Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

Civ. No. 79-1480.

United States District Court, D. Puerto Rico.

July 2, 1979.

Puerto Rico Legal Services, Inc., Rio Piedras, Puerto Rico, for plaintiffs.

Jose A. Quiles, U. S. Atty., Hato Rey, H. Richmond Fisher, Trial Atty., Torts Branch–Civil Division, U. S. Dept. of Justice, Washington, D. C., for defendants.

## OPINION AND ORDER

PEREZ–GIMÉNEZ, District Judge.

The United States, as defendant in the present action, has moved to have the case dismissed or transferred to the United States District Court for the Eastern District of Virginia because of improper venue.

Plaintiffs filed their complaint in this action on July 2, 1979. Defendants answered said complaint on October 22, 1979, wherein they included the affirmative defense of improper venue. Thereafter, plaintiffs proceeded to serve interrogatories and request for admissions on defendants, which were answered on January 2, 1980, and March 11, 1980. Defendant United States of America then filed a motion to dismiss for improper venue or in the alternative to transfer, on July 14, 1980. Plaintiffs filed their opposition thereto on August 6, 1980.

Defendant's contention in its motion to dismiss is that the action was filed in the wrong forum because pursuant to Section 782, Title 46 U.S.C., it had to be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States. According to the

affidavits of O. B. Mager and A. R. Calucci, the vessels U.S.S. Saginow and U.S.S. Portland were moored at Naval Amphibious Base, at Little Creek, Virginia, and the vessel U.S.S. Newport was moored in Horne Brother's Shipyard, at Newport News, Virginia, on July 2, 1979, the date of the filing of the libel herein. Plaintiffs allege in their opposition that: 1) proper venue is established pursuant to 46 U.S.C. 742; 2) that proper venue is found where it is convenient for parties and witnesses, in the interest of justice; 3) that absence of a vessel from the territorial jurisdiction of the court may be cured by the vessel's being under the jurisdiction of the court during the pendency of the libel; 4) that the evidence is insufficient to support the defendant's objection to venue; 5) that defendants have waived their rights to transfer the action.

The Public Vessels Act (hereinafter PVA) authorizes a libel in personam against the United States "for damages caused by a public vessel of the United States". 46 U.S.C. 781. The Act provides that suits involving public vessels "shall be subject to and proceed in accordance with the provisions of chapter 20 of this title [the Suits in Admiralty Act, hereinafter referred to as SIAA] or any amendments thereof, insofar as the same are not inconsistent herewith . . . ." Section 782.

Some provisions of the SIAA are consistent with provisions of PVA, one of which is the provision pertaining to venue. Plaintiffs by pleading alternative jurisdiction under the more liberal provisions of the SIAA cannot avoid the restrictive requirements for claims against a public vessel under the PVA.

The Supreme Court of the United States recently affirmed that the special provisions of PVA are not voided by the more general provisions of the SIAA. The Court in *U. S. v. Continental Tuna Corp.*, 425 U.S. 164, 96 S.Ct. 1319, 47 L.Ed.2d 653 (1976), stated:

"(T)he 1960 amendment to the Suits in Admiralty Act [deleting the proviso that the vessel must be employed as a merchant vessel] contains no language expressly permitting claims previously governed by the Public Vessels Act to be brought under the Suits in Admiralty Act, free from the restrictive provisions of the Public Vessels Act. What amounts to the effective repeal of those provisions is urged as a matter of implication. It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored."

Therefore, the present action was filed in the wrong forum, because pursuant to Section 782, Title 46, U.S.C.A., it had to be brought in the district court of the United States for the District of Virginia in which the vessels charged with creating the liability were found at the time of the filing of libel. *Roque v. United States*, 227 F.Supp. 178 (D.C.P.R., 1964).

Transfer under Section 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought", is possible only if venue is proper in the original forum and federal jurisdiction existed there. If venue is improper, the Court may transfer the case to a proper venue under 28 U.S.C.A. § 1406(a). 15 Wright and Miller, Federal Practice and Procedure, Section 3844, at 211.

The question now becomes whether the case should be dismissed or transferred under 28 U.S.C. 1406, which provides that:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The first step is to determine if there is another federal district and division in which the instant suit "could have been brought". This phrase has been generally construed to require that the transferee district must have subject matter jurisdiction and proper venue and that the defendants must be amenable to service of process issuing out of that court. 15 Wright and Miller, Federal Practice and Procedures, Section 3827, at 174. *Johnson v. Helicopter*

& *Airplane Services Corp.*, 389 F.Supp. 509 (D.Md., 1974).

It is clear that proper venue and admiralty jurisdiction would exist in the Eastern District of Virginia. From what has thus far transpired in this case, the defendants can presumably be properly served in the transferee district through the U. S. District Attorney and the Attorney General of the United States.

Furthermore, the standard of the "interest of justice" is met since transfer is warranted under this test when dismissal would terminate the action because the appropriate statute of limitations would have run in the alternative forum, barring the institution of a new action. *Dubin v. United States*, 380 F.2d 813, 815 (5 Cir., 1967). Such is the case here. Were plaintiffs forced to bring a new action in the Eastern District of Virginia, that action would be barred by the statute of limitations.

 As to plaintiffs' allegation that defendants waived their right to transfer the action, Rule 12(h) of the F.R.C.P. provides:

"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process, is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [consolidation of defenses in motion], or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course. [Defendant initially raised the defense of improper venue in its answer]."

Although the government's delay in filing the motion to dismiss or transfer for improper venue filed more than a year after service of the complaint, cannot be condoned, the Court is of the opinion, as was the court in *Shaw v. United States*, 422 F.Supp. 339 (S.D.N.Y., 1976), that the period was not so great and the prejudice incurred by plaintiffs was not so detrimental as to require a holding that the initial objection was abandoned. The defense of improper venue raised by defendant in its answer to the complaint could not be specif-

ic since the name of the vessels were not known at that time. Discovery was necessary to frame the allegations included in the motion to dismiss or transfer. Defendant's conduct did not constitute a waiver of its initial and timely allegation of improper venue.

Accordingly, the Court ORDERS that defendant's motion to transfer the cause of action to the United States District Court for the Eastern District of Virginia, be and the same is hereby GRANTED.

The Clerk of the Court is directed to transfer the above styled case to the United States District Court for the Eastern District of Virginia for such disposition as that Court may deem proper.

IT IS SO ORDERED.