**US SPRINT COMMUNICATIONS COM-PANY, a partnership; and US Telecom, Inc., a Kansas corporation, as a partner in US Sprint Communications Company; and GTE Communications Services Incorporated, a Delaware corporation, as a partner in US Sprint Communications Company, Plaintiffs,**

v.

**John BORAN, Defendant.**

**Civ. A. No. 87–2572.**

United States District Court,
D. Kansas.

Feb. 8, 1988.

Opinion on Motion to Amend Judgment
Feb. 19, 1988.

J. Nick Badgerow and Josephine A. Mayer, Spencer, Fane, Britt & Browne, Overland Park, Kan., Donald W. Giffin, A.K. Wnorowski and B.A. Bianchino, US Sprint Communications Co., Kansas City, Mo., for plaintiffs.

Howard E. Bodney, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of defendant John Boran (hereinafter "Boran") to dismiss for lack of personal jurisdiction or improper venue, or, in the alternative, to transfer because of an inconvenient forum. Plaintiffs US Sprint Communications Company (hereinafter "Sprint"), a general partnership, US Telecom, Inc. (hereinafter "US Telecom"), a partner in Sprint, and GTE Communications Services, Inc. (hereinafter "GTE Communications"), another partner in Sprint, initiated an action against Boran in connection with his alleged improper use of Sprint's long-distance telephone calling services.

The pertinent facts are as follows: Boran is an Arizona resident. Sprint is a New

York general partnership with its principal place of business in Missouri (when this cause of action arose, Sprint's principal business location was Kansas). US Telecom is a Kansas corporation with its principal place of business in Kansas. GTE Communications is a Delaware corporation with its principal place of business in Connecticut.

Boran allegedly agreed to purchase illegally obtained Sprint authorization codes in a telephone conversation with Andrew Maisel (hereinafter "Maisel"), a Kansas resident. Under the agreement, Boran sent payment from Arizona to Kansas, and Maisel sent the codes from Kansas to Arizona. Boran then used the codes to make long-distance telephone calls from his Arizona residence without paying Sprint.

Sprint, US Telecom, and GTE Communications brought an action against Boran in connection with the alleged scheme, seeking damages and injunctive relief under claims of fraud and illegal use of communications devices, quantum meruit, and conversion. Boran moves the court to dismiss for lack of personal jurisdiction or improper venue, or to transfer the action because the forum is inconvenient. For the reasons set forth below, we deny his motion.

## I. *Venue.*

Initially, we consider the issue of whether venue properly lies in this court. 28 U.S.C. § 1391(b) provides as follows:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

28 U.S.C. § 1391(b). This section is relevant because the plaintiffs' claims are founded in part on federal statutory violations.

A claim arises in any district where a substantial number of the acts giving rise to the claim occurred. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir.1986); *Sharp Electronics Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1229 (D.C.Cir.

1981). Here, the claim arose in the District of Kansas. Boran's cohort in the scheme, Maisel, operated from his Kansas residence. Boran sent cash to Maisel in Kansas, and Maisel sent the codes from Kansas. Further, the plaintiffs assert that the principal place of their injury is Kansas. *See Quinn v. Bowmar Publishing Co.*, 445 F.Supp. 780, 783 (D.Md.1978) ("a claim generally arises where the injury occurs"). This assertion is plausible given the facts that when the cause of action arose, Sprint's principal place of business was Kansas, and currently, US Telecom's principal place of business is Kansas. In sum, venue in this district is proper because the injury and substantial acts occurred here.

## II. *Transfer of Venue.*

Boran moves the court to dismiss the plaintiffs' action under the doctrine of forum non conveniens. We assume that he intended that we treat his motion as one for transfer under 28 U.S.C. § 1404(a). *See Chicago, Rock Island and Pacific Railroad v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir.1956) (Congress intended that section 1404(a) encompass the doctrine of forum non conveniens and allow a court to transfer or dismiss an action because of venue). This section allows a district court in which venue properly lies to transfer an action, in the interests of justice, to another district where it could have been brought. *Combs v. Adkins & Adkins Coal Co.*, 597 F.Supp. 122, 125 n. 1 (D.D.C.1984). As discussed above, venue properly lies in this court.

To transfer an action under section 1404(a), a district court must have subject matter jurisdiction. *Association de Pescadores de Vieques, Inc. v. United States*, 497 F.Supp. 54, 55 (D.P.R.1979) (citing 15 Wright and Miller, *Federal Practice and Procedure* § 3844); *Viaggio v. Field*, 177 F.Supp. 643, 647 (C.D.Md.1959) (citing cases). Subject matter jurisdiction is not contested in this action. However, the court need not have personal jurisdiction to transfer under section 1404(a). *See United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42,

13 L.Ed.2d 32 (1964); *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 297–98 (5th Cir.1963). Thus, if transfer is proper, we need not address whether the court has personal jurisdiction over Boran.

■ Boran asserts that transfer is proper because (1) he lives in Arizona and is elderly and in poor health, (2) the alleged telephone calls occurred in Arizona, and thus Boran's evidence and witnesses are in Arizona, and (3) the plaintiffs are wealthy corporations with adequate resources to try the action in Arizona.

Under section 1404(a), Boran bears the considerable burden of establishing that transfer is proper. *See Dow Chemical Co. v. Weevil–Cide Co.*, 630 F.Supp. 125, 130 (D.Kan.1986). The *Dow* decision states:

> It is hornbook law that the burden is on the moving party to establish that a suit should be transferred under Section 1404(a). Unless the balance of the consideration is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed. A plaintiff's choice of forum is entitled to great weight and may not lightly be set aside. Additional consideration is properly given when the plaintiff has chosen the forum in which he resides. This court further notes that the exercise of the power to transfer under Section 1404(a) is committed to the sound discretion of the trial court after consideration of all the relevant interests.

*Id.* (quoting *Ammon v. Kaplow*, 468 F.Supp. 1304, 1313 (D.Kan.1979) (citations omitted)).

The factors which may be considered when determining whether transfer is proper include convenience to the parties, convenience to the witnesses and interests of justice. 28 U.S.C. § 1404(a).

■ Boran has failed to meet his burden of proving that the convenience of the parties and witnesses will be furthered by transferring this action to the District of Arizona. Although he resides in Arizona, US Telecom's principal place of business is Kansas. Additionally, Sprint's principal place of business is Kansas City, Missouri,

near this court. Thus the plaintiffs' convenience is furthered by trial in this court. Transfer is not warranted where it results merely in shifting the inconvenience from one party to another. *Ammon*, 468 F.Supp. at 1314. Further, Boran has not provided the court with sufficient information to indicate that transfer is warranted based on the convenience of key witnesses. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258–59, 102 S.Ct. 252, 267, 70 L.Ed.2d 419 (1981) (the party seeking transfer must provide the court with sufficient information to allow it to balance the parties' interest, although here, specificity of individual witnesses is not needed); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir.1978) (the party seeking transfer must clearly specify key witnesses who will benefit; otherwise, transfer is unwarranted), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Paul Allison, Inc. v. Minikin Storage of Omaha, Inc.*, 436 F.Supp. 444, 446 (W.D.Okla.1976) (transfer based on the convenience of witnesses is only warranted if the inconvenience of the defendant's witnesses far outweighs that which the plaintiff's witnesses would experience upon transfer). Finally, transfer is unwarranted based upon the unsubstantiated statements in Boran's memorandum asserting that Boran is elderly and in poor health.

### III. *Personal Jurisdiction.*

Because transfer is not warranted, we must determine whether this court has personal jurisdiction over Boran. The personal jurisdiction requirement "recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Insurance Corporation of Ireland v. Compagnie Des Bauxites De Guinne*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (footnote omitted).

■ The plaintiffs bear the burden of proof regarding personal jurisdiction. *Hoffman v. United Telecommunications, Inc.*, 575 F.Supp. 1463, 1469 (D.Kan.1983). However, they need only make a prima

facie case that the constitutional and statutory requirements for the assumption of personal jurisdiction are met. *Id.* (citing cases). In considering personal jurisdiction questions in diversity actions, a two-step analysis is applied:

> First, it must be determined whether the defendant's contacts with the forum are sufficient to satisfy the minimum contact tests of *International Shoe [Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)], and, second, the court must determine whether the defendant's conduct falls within the scope of service authorized by statute.

*Hoffman,* 575 F.Supp. at 1469; *see also Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (the minimum contacts requirement extends to federal courts sitting with diversity jurisdiction).

Our initial focus is on the minimum contacts test of *International Shoe* and its progeny, which requires that a defendant in a state court action have sufficient contacts with the forum state such that the suit "does not offend" traditional notions of fair play and substantial justice. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 293, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980) (quoting *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940))). The key question in this diversity action is whether it is "reasonable, in the context of our federal system of government, to require the corporation to defend the particular [diversity] suit which is brought [in the federal district court of the forum state]." *International Shoe,* 326 U.S. at 317, 66 S.Ct. at 158. The court must consider several factors, including

> the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92, 105 (1987) (quoting *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564). There must be "some act by which the defendant purposely avails itself of the privilege of conducting the activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The court must examine the quality and nature of the defendant's contacts with the forum state to determine whether it is reasonably fair to require the defendant to conduct his defense in the forum state. *Kulko v. Superior Court of California,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978).

■ In the instant case, Boran has purposefully availed himself of the state of Kansas such that it is reasonably fair to subject him to suit in Kansas. He allegedly entered into an illegal contract with a Kansas resident, received pilfered codes from Kansas, and sent money to Kansas.

Further, the interests of Kansas in adjudicating this dispute are significant. *See World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564. US Telecom, a corporation with its principal place of business in Kansas, is the plaintiff alleged to have borne the majority of the injury resulting from Boran's actions. Additionally, a portion of the acts giving rise to the injury occurred in Kansas.

In sum, assertion of personal jurisdiction over Boran is constitutional under the minimum contacts test. We thus turn our attention to the Kansas long-arm statute, K.S.A. 60–308(b). The long-arm statute is to be liberally construed, and it reflects a "conscientious state policy to assert jurisdiction over non-resident defendants to the extent permitted by the due process clause of the Fourteenth Amendment." *Woodring v. Hall,* 200 Kan. 597, 600, 438 P.2d 135, 141 (1968), *quoted in Schlatter v. Mo-Comm Futures Ltd.,* 233 Kan. 324, 329, 662 P.2d 553, 558 (1983). Thus, because Boran may properly be haled into this court under *International Shoe* and the four-

teenth amendment, the requirements of the Kansas long-arm statute are satisfied.

Further, a technical reading of K.S.A. 60–308(b) indicates that assertion of jurisdiction over Boran is proper. K.S.A. 60–308(b) provides, in pertinent part, as follows:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> ....
>
> (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state.

*Id.* 60–308(b)(5).

Boran allegedly entered into a contract with a Kansas resident which was performed in part in Kansas. Additionally, a causal connection exists between the contract and the plaintiffs' cause of action, and therefore the action "arises from" the contract. *See Grimandi v. Beech Aircraft Corp.*, 512 F.Supp. 764, 767 (D.Kan.1981). Thus, the requirements of the Kansas long-arm statute are met.

### IV. *Compelling Discovery.*

In a memorandum entitled "Further Suggestions of Plaintiffs in Opposition to Motion to Dismiss," the plaintiffs request the court to compel Boran to give deposition testimony in Kansas City at his cost. The court will consider this as a motion to compel discovery. Given the caption of the plaintiffs' memorandum, Boran reasonably may have been unaware of the plaintiffs' motion. We therefore will forego ruling on the motion until Boran has had adequate time to respond. We will consider as timely filed any response made within ten days of the date of this order.

IT IS THEREFORE ORDERED that Boran's motion to dismiss for lack of personal jurisdiction or venue, or alternatively to transfer venue, is denied in its entirety. We forego ruling herein on the plaintiffs' motion to compel discovery.

### ON MOTION TO AMEND JUDGMENT

This matter is before the court on the motion of defendant John Boran (hereinafter "Boran") for "Orders Allowing an Interlocutory Appeal and a Stay of Proceedings During the Pendency Thereof." Boran's motion is properly treated as one for an amendment of a judgment under Federal Rule of Civil Procedure 59.

Boran's motion seeks amendment of the court's February 8, 1988 Memorandum and Order to certify the order for interlocutory appeal. Title 28, United States Code, Section 1292(b), provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Under section 1292(b), three criteria must be met for proper certification for interlocutory appeal. The order must involve (1) a controlling question of law, (2) a substantial ground for difference of opinion as to that question, and (3) a possible material advancement of the ultimate termination of the litigation. *Kirchen v. Guaranty National Ins. Co.*, 422 F.Supp. 58, 60–61 (E.D. Wis.1976).

Boran's motion is based on the court's interpretation of K.S.A. 60–308, the Kansas long-arm statute. Specifically, Boran contends that the court wrongfully interpreted section 60–308(b) without reference to section 60–308(c). Boran asserts that this is a controlling question of law as to which there is substantial grounds for difference of opinion, and that resolution of this question may materially advance the ultimate termination of this litigation. We disagree.

Satisfaction of the requirements of the Kansas long-arm statute is a controlling question of law with regard to personal jurisdiction. *See Hoffman v. United Telecommunications, Inc.,* 575 F.Supp. 1463, 1469 (D.Kan.1983). However, in the instant case, we find no substantial ground for disagreement with our ruling that the statute's requirements are satisfied.

We remain persuaded by our earlier analysis that (1) because Boran may properly be haled into this court under *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and the fourteenth amendment, the requirements of the Kansas long-arm statute are satisfied, *see Woodring v. Hall,* 200 Kan. 597, 600, 438 P.2d 135, 141 (1968), and (2) a technical reading of K.S.A. 60–308(b) indicates that assertion of jurisdiction over Boran is proper.

Further, Boran has not made clear to the court how its ruling wrongfully disregards section 60–308(c). Section 60–308(c) allows service of process outside state lines on a defendant over whom the court has jurisdiction under section 60–308(b). Boran has not complained of wrongful service; moreover, the court has jurisdiction under section 60–308(b). Thus no section 60–308(c) service problem exists.

Finally, the court notes that Boran's actions satisfy the provisions of sections 60–308(b)(2) and (7), in addition to section 60–308(b)(5), on which the court based its earlier ruling. *See J.E.M. Corp. v. McClellan,* 462 F.Supp. 1246 (D.Kan.1978) (a tortious act outside the state causing injury inside the state may constitute a tortious act within the state within the meaning of the Kansas long-arm statute).

IT IS THEREFORE ORDERED that defendant Boran's motion to amend the court's February 8, 1988 Memorandum and Order to allow for interlocutory appeal is denied.