**GENERAL BEDDING CORPORATION, Plaintiff,**

v.

**Angel ECHEVARRIA, Angel Echevarria Co., Inc., d/b/a Somma Mattress, Somma Products, Inc., and Mattress–Mate, Inc., Defendants.**

Civ. A. No. 88–2497–O.

United States District Court, D. Kansas.

May 26, 1989.

Thomas F. Lucas, Randi L. Cigelnik, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., Charles L. House, Merrill R. Talpers, Olsen & Talpers, Kansas City, Mo., Mark S. Gunnison, McDowell, Rice & Smith, Kansas City, Kan., for plaintiff.

A. Bradley Bodamer, Lori R. Schultz, Morrison, Hecker, Curtis, Kuder & Parrish, Paul Hasty, Jr., Wallace, Saunders, Austin Brown and Enochs, Chartered, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants' motion to dismiss defendant Angel Echevarria for lack of personal jurisdiction and to dismiss or transfer the case for improper venue. Because the court finds defendants' motion to dismiss/transfer for improper venue to be dispositive, we need

not reach the personal jurisdiction question.

Plaintiff is a Missouri corporation that had its principal place of business in Kansas until June 1978, when plaintiff ceased conducting any business and became an inactive corporation. Plaintiff brought this action against the defendants, alleging multiple claims[1] centering around defendants' alleged misappropriation of an innovative mattress design, for which defendant Angel Echevarria obtained a patent in September 1980.

■ Plaintiff alleges both diversity and federal question jurisdiction. When jurisdiction is not founded solely on diversity, the narrower venue statute, 28 U.S.C. § 1391(b), governs whether venue is proper. 28 U.S.C. § 1391(b); 15 C. Wright, A. Miller, E. Cooper, *Federal Practice & Procedure* § 3804 (1986). Additionally, when multiple claims are plead, venue must be proper for each claim. *Beattie v. United States*, 756 F.2d 91, 100 (D.C.Cir.1984); 15 C. Wright, A. Miller, E. Cooper, *supra*, § 3808. Plaintiff alleges two federal claims: a Lanham Act claim and a RICO claim. Although the Lanham Act has no special venue provision, the RICO statute does.[2] The special venue provision is not exclusive, however, and the venue provisions in section 1391(b) also apply to RICO claims. *See, e.g., Van Schaick v. Church of Scientology of California, Inc.*, 535 F.Supp. 1125, 1133 n. 6 (D.Mass.1982);

*Farmers Bank of State of Delaware v. Bell Mortgage Corp.*, 452 F.Supp. 1278, 1280 (D.Del.1978). Therefore, if venue is proper under section 1391(b), it is proper for all of plaintiff's claims.

■ Section 1391(b) provides that venue is proper in the district where all defendants reside, or in which the claim arose. 28 U.S.C. § 1391(b).[3] Because defendants have raised the defense of improper venue, the plaintiff bears the burden of proving that venue is proper in Kansas. *Hodson v. A.H. Robins Co., Inc.*, 528 F.Supp. 809, 812 (E.D.Va.1981); *Pfeiffer v. International Academy of Biomagnetic Medicine*, 521 F.Supp. 1331, 1336 (W.D.Mo.1981). All of the defendants reside in California; consequently, venue is proper in Kansas only if plaintiff can prove that its claims arose in Kansas.

■ "[T]he determination of where 'the claim arose' for purposes of federal venue under § 1391 is a federal question whose answer depends on federal law." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct. 2710, 2716 n. 15, 61 L.Ed.2d 464 (1979). Although "a 'claim' under federal law is generally defined as 'the *aggregate* of operative facts which give rise to a right enforceable in the courts[,]'" *Davis v. Costa–Gavras*, 580 F.Supp. 1082, 1088 (S.D.N.Y.1984) (citation omitted), "where the claim arose" has not been generally defined. Instead, the

1. Plaintiff alleges nine counts in its complaint: misappropriation of design; conversion; violation of the Lanham Act (unfair competition); tortious interference with contract; conspiracy to breach fiduciary obligations; fraud; tortious interference with prospective business advantage; RICO; and declaratory judgment regarding ownership of a patent.

2. "Any civil action or proceeding under this chapter ... against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

3. Some courts have narrowly construed § 1391(b) to allow venue in the district where the claim arose only when multiple defendants do not reside in one judicial district. Relying on footnotes in two Supreme Court cases, *Leroy v. Great Western United Corp.*, 443 U.S. 173, 184

n. 17, 99 S.Ct. 2710, 2717 n. 17, 61 L.Ed.2d 464 (1979) and *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 1939 n. 8, 32 L.Ed.2d 428 (1972), the following courts have concluded that the "claim arose" alternative in § 1391(b) is available only when needed to close "venue gaps" that occur when multiple defendants reside in different districts: *Canaday v. Koch*, 598 F.Supp. 1139, 1148 (E.D.N.Y.1984); *Southern Marine Research, Inc. v. Jetronic Industries, Inc.*, 590 F.Supp. 1192, 1194 (D.Conn.1984); *Pfieffer v. International Academy of Biomagnetic Medicine*, 521 F.Supp. 1331, 1336 (W.D.Mo.1981). Other courts construe § 1391(b) as providing two equal alternatives for venue. Because venue is not proper in Kansas under either construction, we need not decide which construction is proper.

courts have applied various tests.[4] (*See Pfeiffer*, 521 F.Supp. at 1337–41 for a discussion of the tests.) We have previously stated that a claim arises in any district where a substantial number of acts giving rise to the claim occurred and where the injury occurred. *US Sprint Communications Co. v. Boran*, No. 87–2572, slip op. at 3, 1988 WL 161325 (D.Kan., *unpublished*, Feb. 8, 1988).

In the usual case, a claim arises only in one judicial district, *see Leroy*, 443 U.S. at 184–85, 99 S.Ct. at 2716–17, and proper venue is not difficult to determine. In the unusual case, however, where a claim arguably arises in more than one district, the court has a more difficult task in determining proper venue under section 1391's "where the claim arose" provision. As the Supreme Court instructed in *Leroy*, venue may be proper in more than one judicial district, and a plaintiff may choose between judicial districts, if the districts may, "with approximately equal plausibility ... be assigned as the locus of the claim." *Id.* at 185, 99 S.Ct. at 2717. The Court further explained that the equal plausibility of the districts' being assigned as the claim's locus depended upon the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant, but not the convenience of the plaintiff. *Id.* Thus, in the "unusual" case, the court is not only concerned with the situs of the events and acts underlying the claim, but also is concerned with determining which forum is the most convenient, *see Reuber v. United States*, 750 F.2d 1039, 1052 & n. 18 (D.C.Cir.1985), since "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy*, 443 U.S. at 183–84, 99 S.Ct. at 2716.

The instant case is "unusual." The record before the court does not clearly indicate that the claim arose in one obvious locus: most of the events and defendants' acts occurred in California, the defendants allegedly acted in conjunction with one of plaintiff's stockholders while he was in Kansas and Florida, and the injury probably occurred in Missouri.[5] Thus, the court has employed a *Leroy*-type analysis to determine where the claims arose.

■ The court has concluded that the plaintiff's claims arose in California.[6] The defendants would clearly benefit from proceeding in the Central District of California. *Id.* at 185, 99 S.Ct. at 2717. Defendants reside there, and defendants' ongoing business would suffer less inconvenience if its principals are not required to be out-of-state for a trial. Also, the majority of relevant witnesses and evidence appears to be located in California. *Id.* At least six non-party witnesses, whose testimony is material, are located in California and are beyond the subpoena power of this court, and the relevant documentary evidence is located in California and Missouri, not Kansas. Other factors which indicate that California is the proper venue include: the mattress design was patented and developed in California, the resulting water mattresses were manufactured in California, and other litigation concerning many of the

---

**4.** The tests include the weight of contacts test, the American Law Institute test (*i.e.*, the substantial part test) the place of injury test, and equating amenability to process with federal venue. Notably, the Supreme Court did not expressly endorse or reject any of these tests in *Leroy*, although the Court's opinion seems to echo a "weight of the contacts" analysis. 15 C. Wright, A. Miller, E. Cooper, *supra*, § 3806.

**5.** In its complaint and its brief, plaintiff carefully avoids making specific reference to when the plaintiff incurred damages as a result of defendants' alleged conduct. Plaintiff was not an active corporation after June 1978; and it is likely that plaintiff's injuries, if any, occurred after it ceased doing business in Kansas. Consequently, whatever damages plaintiff sustained, it most probably sustained them in Missouri, where plaintiff remained incorporated. Notably, plaintiff offers no evidence to support its bald assertions that its injuries occurred in Kansas.

**6.** Although plaintiff's alleged injuries probably occurred in Missouri, the "place of injury" alone seems insufficient in this case to place venue "with equal plausibility" in Missouri, given that most of the events and acts giving rise to plaintiff's claims occurred in California. Even had plaintiff shown Missouri to be an equally plausible locus of its claims, venue is still improper in Kansas.

same issues presented in this case is currently pending in the Central District of California. Finally, the arguments plaintiff offered in response to defendants' motion are directed primarily at whether Kansas is a more convenient forum for the plaintiff. As the *Leroy* Court clearly held, the plaintiff's convenience is irrelevant in determining whether venue is proper in a district where plaintiff contends its claims arose. *Id.;* 15 C. Wright, A. Miller, E. Cooper, *supra,* § 3806.

Because the plaintiff's claims did not arise in the district of Kansas, venue is improper here. However, in the interest of justice, the court will transfer rather than dismiss plaintiff's claims. 28 U.S.C. § 1406(a).

IT IS THEREFORE ORDERED that defendants' motion to transfer for improper venue is granted. This case is transferred to the Central District of California. Defendants' motion to dismiss defendant Angel Echevarria for lack of personal jurisdiction is denied as moot.