Simmie B. WILLIS, Jr. and Linda
G. Willis

v.

**TOWN FINANCE CORPORATION
OF ATLANTA.**

No. C74–1489A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 30, 1976.

J. Christopher Simpson, Cotton, Katz &
White, Atlanta, Ga., for plaintiffs.

David G. Crockett, Nall, Miller & Cadenhead, Atlanta, Ga., for defendant.

ORDER

MOYE, District Judge.

This truth-in-lending case is before the
Court for approval of the recommendations
of the Special Master. The Court has read
the recommendations, the plaintiffs' objections and defendant's reply brief to plaintiffs' objections.

The Court declines to adopt the recommendations of the Special Master with

regard to his suggested ruling numbered II that neither the Truth-in-Lending Act nor Regulation Z requires the disclosure of the state law limitation of ten days on the acquisition of security interests in after-acquired property. See Ga.Code Ann. § 109A–9–204(4)(b). Rather, the Court follows the precedent in this district, *Davis v. Aetna Finance Co.* (No. C74–533A, N.D.Ga., decided August 22, 1974, Judge Henderson); *Robinson v. Century Finance Company, Inc.* (No. C74–1279A, N.D.Ga., decided January 15, 1976, Judge O'Kelley); *Cooper v. Safeway Finance Co., Inc. of Georgia* (No. C74–557A, N.D.Ga., decided February 14, 1975, Judge Moye) [1]; and in other districts, *Kenney v. Landis Financial Group, Inc.*, 349 F.Supp. 939 (N.D.Iowa, 1972); *Johnson v. Associates Finance, Inc.*, 369 F.Supp. 1121 (S.D.Ill.1974); *Woods v. Beneficial Finance Co. of Eugene*, 395 F.Supp. 9 (D.C.Or.1974), which dealt with § 9–204(4) of the Uniform Commercial Code as enacted in the above states and held that Regulation Z and the Truth-in-Lending Act are violated by the lender's failure to inform the plaintiff that its security interest in after-acquired consumer goods can only attach to goods in which the plaintiff has acquired rights within ten days after the credit transaction.

As Judge Edenfield noted in *Davis v. Aetna Finance Co., supra* :

"Despite defendant's insistent brief to the contrary, Regulation Z requires more than simple disclosure of *the fact* that after-acquired property will be subject to a security interest; it requires that that fact be disclosed '. . . in conjunction with the description or identification of the type of security interest held, retained or acquired.' 12 C.F.R. § 226.-8(b)(5) (emphasis supplied). This Court concludes that an adequate description or identification of the type of security interest involved here would include the information that the stated security interest in after-acquired consumer goods is subject to the Uniform Commercial Code's ten-day restriction."

The defendant, by letter written February 11, 1976, brings to the attention of the Court a Federal Reserve Board Staff Clarifying Letter No. 829 written by Assistant Director Jerauld C. Kluckman (January 5, 1975), which clarifies the Federal Reserve Board's earlier Staff Opinion Letter No. 829 by stating that under § 226.8(b)(5) of Regulation Z the creditor need only set forth the *fact* that after-acquired property will be subject to the security interest, not that the 10-day limitation must be disclosed. Defendant urges this letter as support for the conclusions reached by the Special Master in this case. The introduction by defendant of this subsequent clarifying Staff Opinion Letter places the Court, however, in a quandary. It has been established since the Fifth Circuit Court of Appeals' opinion in *Philbeck v. Timmers Chevrolet Company*, 499 F.2d 971 (5th Cir. 1974), that letters of opinion from the staff of the Federal Reserve Board are entitled to great weight in judicial proceedings such as the instant one. See also *Bone v. Hibernia Bank*, 493 F.2d 135 (9th Cir. 1974).

As Chief Judge Newell Edenfield observed in *Roberts v. National School of Radio & Television Broadcasting*, 374 F.Supp. 1266, 1269 (N.D.Ga.1974):

"If in the proper exercise of its discretion the Federal Reserve Board determines that a credit term need not be fully explained because to do so would practically subvert the disclosure of other important credit terms, this court will not upset that decision unless it is clearly apparent that the Board has acted in abuse of its discretion and contrary to the purposes of the statute. *Philbeck v. Timmers Chevrolet*, 361 F.Supp. 1255 (N.D.Ga.,1973). The Supreme Court has only recently observed that the authority and expertise which the Federal Reserve Board exerts in developing the enforcement provisions of the TIL [Truth in Lending Act] is indeed nearly absolute. *Mourning v. Family Publications Service, Inc.*, 411

---

1. But see *contra, Gregory Songstad v. Beneficial Finance Co. of Atlanta* (No. 74–2096, N.D. Ga., decided November 7, 1975, Judge Freeman).

U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973)."

The Court's quandary lies in the question of whether it is proper to allow a staff opinion clarification letter to overrule the numerous judicial decisions in this district and others which hold that the U.C.C.'s 10-day limitation of security interests in after-acquired personal property should be disclosed to the borrower under Regulation Z.

The Fifth Circuit in *Philbeck* spoke of four sources of law and interpretation which the Court should look to in dealing with the Truth-in-Lending Act: (1) The Act itself (as amended), (2) Regulation Z, promulgated by the Federal Reserve Board, (3) The Federal Reserve Board Interpretations of Regulation Z, 12 C.F.R. §§ 226.201 *et seq.*, and (4) Federal Reserve Board Staff Opinions "which explain the provisions of the three foregoing authorities, usually in answer to a query regarding a particular factual situation." 499 F.2d at 976. The *Philbeck* court continued:

"The three latter authorities, though not binding on the Court, are entitled to great weight, for they constitute part of the body of 'informed experience and judgment of the agency to whom Congress delegated appropriate authority.' [citations omitted] We are not free to substitute our 'own discretion for that of administrative officers who have kept within the bounds of their administrative powers' [citations omitted]. Furthermore, the construction which the Federal Reserve Board gives its *own* Regulation Z in its Interpretations and staff opinions is especially entitled to great deference 'because of the important interpretive and enforcement powers granted this agency by Congress' in this highly technical field." [citations omitted.] 499 F.2d 976–77.

The *Philbeck* rationale would seem to mandate that this Court simply reverse the precedent in this district and follow the January 5, 1975 F.R.B. staff "clarification" Opinion Letter and rule that merely the "fact" of after-acquired property need be

disclosed, not the 10-day limitation imposed by U.C.C. § 9–204. However, a recent Court of Appeals opinion by the Second Circuit indicates that staff opinion letters may not be as weighty as the Fifth Circuit first held. The Second Circuit in *Ives v. W. T. Grant Company*, 522 F.2d 749, 758–59 (1975), in discussing the "good faith" reliance defense provided by the addition of subsection (f) by amendment to the Truth-in-Lending Act, 15 U.S.C. § 1640, ruled that a defense based upon purported reliance on *staff letters and pamphlets* is legally insufficient for purposes of subsection (f) because "the reference in subsection (f) to 'any rule, regulation, or *interpretation* thereof by the Board' means those requirements of Truth in Lending *that have become part of Regulation Z*, 12 C.F.R. § 226." 522 F.2d 758 (emphasis added).

Applying the *Ives* rationale, the Court must ask: If staff opinion letters not incorporated into Regulation Z (like the "clarification" letter in this case) provide no "good faith" reliance defense, may these letters single-handedly legislate changes in the interpretation of the Truth-in-Lending Act which overrule existing judicial precedent? *Philbeck* would appear to answer positively. *Ives* would answer negatively. This Court leans more toward the restricted view of staff opinion letters as expressed by *Ives v. W. T. Grant, supra*, and rules in favor of plaintiffs. In so doing, the Court sticks to the established precedent in this district and others for the reasons stated in the opinions, cited *supra*, which held that the 10-day limitation period must be disclosed to the borrower. However, inasmuch as the Special Master's recommendations to the contrary are well-reasoned and persuasive, and in light of the number of pending cases in this district presenting the identical question, the Court deems this question to be a proper one for certification for interlocutory appeal to the Court of Appeals pursuant to 28 U.S.C. § 1292(b).

In connection with the certification of this question, the Court makes the following observations: The Court is disturbed because it appears possible that these Fed-

eral Reserve Board Staff Opinion Letters are such that they ought to be considered as amendatory of Regulation Z and should have been formulated before a large body of case law developed in the district courts.

It appears to the Court that these Opinion and Clarification Letters are instigated by credit industry inquiries and the interpretations emanating therefrom appear to be generally favorable to the industry. There presently appears to exist the opportunity for credit industry sources dissatisfied with a particular court-made truth-in-lending interpretation to overturn that interpretation by appealing to an individual Federal Reserve Board employee to issue an Opinion Letter changing that prevailing judicial interpretation of the Act. This type of "lobbying" process is quite feasible for credit industry representatives but is largely unfeasible for the individual consumers which this Court sees in the vast majority of truth-in-lending matters.

Rather than affording great weight to an *ex post facto* interpretation in a Staff Opinion Letter by a single Federal Reserve Board employee, the Court suggests that it might be appropriate for the Court of Appeals to consider whether such a result might have been the result of one-sided extra-judicial lobbying by credit industry representatives to overturn established court precedent. In summary, the question readily presents itself: Can a single staff employee of the Federal Reserve Board, by writing a Staff Opinion Letter, overturn not only a district court's interpretation or construction of the Truth-in-Lending Act, but the interpretation or construction of the Court of Appeals and United States Supreme Court as well?

Accordingly, the Court declines to adopt the Special Master's suggested ruling numbered II and instead finds for the plaintiff on that issue and grants partial summary judgment to plaintiff. The Court stays consideration of the other recommended rulings by the Special Master and hereby certifies under 28 U.S.C. § 1292(b) that this order involves a controlling question of law concerning disclosure of the 10-day limitation period to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.

SO ORDERED, this 30th day of March, 1976.