William **CALDWELL**, Individually and on behalf of all others similarly situated, Plaintiff,

v.

**SEABOARD COASTLINE RAILROAD**, a corporation, Defendant.

No. C–C–75–133.

United States District Court, W. D. North Carolina, Charlotte Division.

Aug. 11, 1977.

Shelley Blum and Michael Sheely, Charlotte, N. C., for plaintiff.

Sarah Elizabeth Parker, Cansler, Lockhart, Parker & Young, Charlotte, N. C., for defendant.

## ORDER

McMILLAN, District Judge.

Defendant Seaboard Coastline Railroad has moved the court to reconsider its order of April 7, 1976, denying defendant's motion for summary judgment, on the ground that intervening Supreme Court cases require that plaintiff Caldwell's action be dismissed as barred by the applicable statute of limitation. Defendant also moves that the court certify an appeal of the court's June 28, 1977, order finally certifying a class, and moves that further discovery and notice to the class of final certification be stayed pending application for that appeal.

In his complaint, plaintiff alleges that defendant discriminates against a class of black employees and applicants in hiring into certain entry level jobs (the ones with the brightest promotion prospects), training, promotion, and seniority placement, in violation of Title VII and of 42 U.S.C. § 1981. Plaintiff alleges that beginning in 1969, defendant denied him training and assistance given white employees toward becoming an engineer, discouraged plaintiff from becoming an engineer, promoted white persons with less seniority over plaintiff into engineer and conductor positions, and gave plaintiff a promotion date of September 22, 1972, rather than November 28, 1970, his rightful date, all on account of plaintiff's race. Plaintiff first learned of the 1972 promotion date after a meeting with company officials on February 5, 1973. He then pursued contractual grievance procedures until March, 1974, without success. Plaintiff filed a charge alleging continuing discrimination with the Equal Employment Opportunity Commission on April 1, 1974, and filed this suit on May 8, 1975.

Defendant moved for summary judgment on the grounds that plaintiff did not file his charge with the EEOC within 180 days and did not file this suit within three years of the alleged discriminatory occurrence, thus running afoul of both the Title VII jurisdictional requirement and the § 1981 statute of limitation.

The court denied the motion because the violations alleged were continuing ones and because plaintiff's pursuit of contractual grievance procedures tolled the running of the 180-day period, which the court held began to run, for purposes of applying the tolling doctrine, on February 5, 1973.

The Supreme Court's ruling in *Guy v. Robbins and Myers*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), has undercut the grievance-procedure-tolling rationale. Defendant asserts that *Guy* and *United Air Lines v. Evans*, —— U.S. ——, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), also undermine the "continuing violation" ground for denying the motion for summary judgment.

Before *Guy* and *Evans*, the lower federal courts had regularly held that where the unlawful practices a plaintiff complained of extended beyond the critical dates for filing EEOC charges or § 1981 suits and where plaintiff challenged that continuous discrimination rather than any one discriminatory act, plaintiff's suit was properly brought even though plaintiff had been the victim of one or more discriminatory acts occurring before the critical dates. *See, e. g., Williams v. Norfolk and Western Railroad*, 530 F.2d 539 (4th Cir. 1975).

In both *Guy* and *Evans*, the Supreme Court held that the time for filing an EEOC charge arising out of a discriminatory *discharge* began on the day the discharge became final in the understanding of the parties. In *Evans*, the Court held further that the present effect a bona fide seniority system gave to a past discriminatory discharge not the subject of a timely EEOC charge did not constitute a continuing violation of Title VII because no *present* violation had been alleged. Neither plaintiff in the *Evans* or *Guy* cases appeared to have alleged a pattern or practice of racial discrimination in employment. Neither plaintiff alleged that any discriminatory practices continued after the discharge. Neither case was a class action.

Plaintiff in this case has alleged a *pattern or practice* of racial discrimination that *continues* against him and a class of black employees and applicants recently certified by this court partially on the basis of evidence showing similar racial disparities throughout defendant's Charlotte and Hamlet facilities. As the court held on April 7, 1976, plaintiff has alleged a violation of Title VII and § 1981 that continues beyond the critical dates for filing his EEOC charge and his § 1981 suit. This ruling is consistent with the EEOC's Interpretative Memorandum released July 12, 1977, 46 USLW 2028 (July 19, 1977), in which the EEOC interprets *Evans* to hold only that discharges are not continuing violations and states that *Evans* does not affect the continuing violation principle with respect to other employment practices, particularly allegations of discriminatory denial of transfer or promotion where the policy accounting for the denial remains in effect within 180 days of the charge.

It should also be noted that even if defendant's position is fully correct, plaintiff filed his § 1981 suit well within three years of February 3, 1973, the day plaintiff first learned of his seniority date.

■ The court declines to certify an appeal. This case is over two years old. Discovery will soon be completed and the case ready for trial. An appeal now can hardly "advance the ultimate termination of this case," as defendant argues. The appealability of an order certifying a class is questionable. *See Kohn v. Royall*, 496 F.2d 1094 (2nd Cir. 1974). The principal case cited as ground for appeal, the Supreme Court's recent decision in *East Texas Motor Freight v. Rodriguez*, —— U.S. ——, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), is not in point. In *Rodriguez*, the district court had had an evidentiary trial and had found as a fact that the plaintiffs were *not* qualified to be hired into the jobs they sought and were therefore *not* proper representatives of a class injured by discrimination. On that evidence and finding the district court *refused* to certify a class. The Circuit Court of Appeals, on those facts, reversed the trial court and certified a class, and the Supreme Court held the Circuit Court of Appeals' certification of a class on appeal, contrary to the trial judge's findings, to be erroneous. By contrast, the only findings made so far in the present case are that plaintiff's evidence tends to show pervasive continuing racial disparities in job classifications throughout the two facilities at issue, that plaintiff has alleged personal harm from discriminatory transfer, promotion and seniority policies (three of the four kinds of discrimination alleged to affect the class) and that a class action is otherwise appropriate on the evidence so far submitted.

For the same reasons, the court declines to stay discovery pending application for appeal. Plaintiff's counsel has informed the court that notice of final certification was sent to the class shortly after the June 28, 1977, order to do so was filed. Defendant's motion to stay notice, filed July 8, 1977, is therefore moot.

IT IS THEREFORE ORDERED:

1. That defendant's motion to reconsider the April 7, 1976, order denying summary judgment is denied.

2. That defendant's request for certification of an interlocutory appeal is denied.

3. That defendant's motion to stay discovery pending application for appeal is denied.