Merl D. STONG et al., Plaintiffs,

v.

BUCYRUS–ERIE COMPANY and Bucyrus Hourly Employees Retirement Plan, Defendants.

No. 78–C–703.

United States District Court,
E. D. Wisconsin.

Aug. 30, 1979.

---

Zubrensky, Padden, Graf & Bratt, by James P. Maloney, Milwaukee, Wis., for plaintiffs.

Reinhart, Boerner, Van Deuren Norris & Rieselbach, by Paul V. Lucke, Milwaukee, Wis., and Seyfarth, Shaw, Fairweather & Geraldson, by Allan Gunn, Chicago, Ill., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendants' motion to amend the order of this court, dated June 18, 1979, to permit an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In the June 18 order, I denied the defendants' motion for dismissal and granted the plaintiffs' motion for partial summary judgment, holding that the workers' compensation offset provision in the defendants' pension plan violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1053(a).

Before an order may be certified for review under § 1292(b) it must appear that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation. For the following reasons, I hold that an interlocutory appeal in this case is appropriate.

The plaintiffs concede that the June 18 order decided a controlling question of law, i. e., the validity of the workers' compensation offset provision. Therefore, the only questions are whether there exist substantial grounds for difference of opinion and whether an appeal may speed the termination of this litigation.

■ Substantial ground for difference of opinion is reflected in the fact that prior to my June 18 decision, three district courts had invalidated the offset provision and three district courts had upheld the provision. In addition, the Secretary of the Treasury, who intervened in this action, argued in his brief that the offset provision had been sanctioned by Congress and was therefore not proscribed by ERISA. For these reasons, it is clear "that a reasonable appellate judge could vote for reversal of the challenged order." Note, Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b), 88 Harv.L.Rev. 607, 624 (1975).

■ With respect to the third criteria, the court of appeals for this circuit has stated that "[o]f paramount importance is the requirement that immediate review will 'materially advance the ultimate termination of the litigation.'" *Fisons Limited v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972). I believe this standard has been met in this case.

If the court of appeals reverses the June 18 order, that decision will be dispositive of the case, and no further proceedings will be necessary. *See* Interlocutory Appeals, *supra*, 88 Harv.L.Rev. at 627, where the author states that the third test "requires the trial court to find a net reduction in the duration or costs of the litigation should the challenged order be reversed."

Even if the order is affirmed, such review may expedite the termination of the litigation because the issues of damages and who may recover "could be adjusted by settlement and compromise if the question of liability were resolved with finality." *Day v. Trans World Airlines*, 393 F.Supp. 217, 223 (S.D.N.Y.1975).

■ Finally, there is abundant authority supporting the proposition that an interlocutory appeal is appropriate with respect to orders granting partial summary judgment on the issue of liability. *See Willow Creek Lumber Co., Inc. v. Porter County Plumbing & Heating, Inc.*, 572 F.2d 588 (7th Cir. 1978); *Willis v. Town Finance Corporation of Atlanta*, 416 F.Supp. 10 (N.D.Ga.1976); *Day v. Trans World Airlines, Inc., supra.*

Therefore, IT IS ORDERED that the motion of the defendants to amend the order of June 18, 1979, in this action be and hereby is granted.

IT IS ALSO ORDERED that the order of June 18, 1979, in this action be and hereby is amended to certify such order for interlocutory review pursuant to 28 U.S.C. § 1292(b).