**FEDERAL DEPOSIT INSURANCE CORPORATION, a United States corporation, Plaintiff,**

v.

**FIRST NATIONAL BANK OF WAUKE-SHA, WISCONSIN, a National Banking Association, Edward Radi, an individual and Harold Erickson, an individual, Defendant.**

No. 80–C–109.

United States District Court, E.D. Wisconsin.

March 11, 1985.

William J. French, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for plaintiff.

John A. Busch, Michael, Best & Friedrich, Milwaukee, Wis., for First Nat. Bank.

William F. Reilly, Hippenmeyer, Reilly, Bode & Gross, Waukesha, Wis., for Edward Radi.

Harold Erickson, defendant, pro se.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter are the cross-motions of the principal parties for certification of portions of this Court's *Decision and Order* of December 20, 1984. Specifically, the plaintiff requests that the Court amend its opinion to include a statement, as provided for under 28 U.S.C. § 1292(b), certifying for interlocutory appeal the denial of its motion to amend the complaint to add a claim for punitive damages. Similarly, defendant First National Bank of Waukesha, Wisconsin, seeks certification under 28 U.S.C. § 1292(b) of the Court's ruling, as announced on December 20, 1984, denying its motion to dismiss the complaint for failure to state a claim upon relief can be granted.

The Court has carefully considered the respective positions of the parties both in support of and in opposition to the pending certification requests. Although it does not view the several arguments articulated as meritless, it does conclude, for the reasons stated below, that neither of the Court's recent rulings presents an issue appropriate for certification under the statute.

## BACKGROUND

As the Court fully expected on the eve of issuance of its *Decision and Order* of December 20, 1984, neither of the present movants has been fully satisfied with the resolution of the two, principal pretrial motions filed in this case to date. Predictably, defendant First National Bank of Waukesha, Wisconsin, continues to feel strongly that the Court's analysis of the merits of its motion to dismiss for lack of jurisdiction was misguided, at best. In its opinion of December 20, 1984, the Court explained its ruling as follows:

> While ... recognizing that proceedings under [12 U.S.C. § 192] are characteristically dissimilar from the many others routinely conducted, the Court is confident in concluding that it was a court of competent jurisdiction, constitutionally and lawfully authorized to hear and rule on the propriety of the proposed sale, on October 21, 1975. In reaching this conclusion, the Court finds persuasive the distinction between administrative and judicial review, as articulated by the United States Supreme Court in *Federal Radio Commission v. Nelson Brothers Bond And Mortgage Company*, 289 U.S.

266, 276–277 [53 S.Ct. 627, 632–633, 77 L.Ed. 1166] (1933) [excerpt omitted].

Examining the propriety of this Court's proceedings of October 21, 1975, under th[is] general distinction, the Court concludes that its decision approving the proposed sale was judicial in character. As FDIC notes in its responsive brief, the Comptroller had previously determined that [American City Bank] was insolvent and unable to meet the considerable demands of its depositors—a determination not subject to judicial review unless challenged as arbitrary, capricious, or procured by fraud. Removed from this threshold determination were those issues squarely presented to the Court in its judicial capacity—namely, whether the Comptroller properly found that ACB was insolvent; whether the Comptroller duly appointed the FDIC as receiver; whether the FDIC thereafter determined that a contract for the purchase of certain assets and the assumption of certain liabilities of ACB would be appropriate; and, finally, whether the FDIC duly entered into that contract and, in that process, met the requisite statutory and administrative procedures. The Court's review of the transcript of proceedings of October 21, 1975, convinces it that attention was properly focused on these critical issues of compliance by the Comptroller and the FDIC, mandating judicial decisions on questions of law uniquely delegated to an Article III Court such as this.

In addition, the Court does not feel that the mere fact that its approval of the FDIC's contract for the purchase of assets and assumption of liabilities was made in the wake of an ex parte proceeding invalidates or renders unconstitutional the decision rendered....

Finally, the Court observes that the mere absence of adverse parties to any action need not divest the Court of jurisdiction in a case properly before it....

Court's *Decision and Order* at 5–8 (December 20, 1984).

Likewise, the plaintiff in this action complains that the Court's decision to deny it leave to amend its complaint significantly compromises its position in the prosecution of all claims that might arguably spring from the factual circumstances on which this action is premised. The resolution of this party's motion was explained in the *Decision and Order* of December 20, 1984, this way:

... [T]he Court has looked in vain at the language, statutory schemes, and legislative histories of the principal federal statutes the FDIC now seeks to invoke....

FDIC properly directs the Court's attention to those four well-established factors, first articulated by the United States Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78 [95 S.Ct. 2080, 2087, 45 L.Ed.2d 26] (1965), to be used in determining whether private rights of action may be implied from the provisions of federal statutes. Unfortunately, the Court, having addressed itself to each of these touchstones with respect to the federal statutes described above, does not reach the conclusion recommended by the movant.

First, while the FDIC undeniably has an interest in the enforcement of these federal banking laws, the Court is not convinced that any of them was passed for the "especial benefit" of this federal insurer: instead, the Court is inclined to believe that the predominant purpose behind these laws regulating the activities of national banks is to insure that the numerous investors, commercial customers, and other holders of interest in the administrative and financial welfare of these institutions are adequately protected. Although the FDIC might well be in a unique position to protect the rights of members of this class, the Court notes, as a second point, that there is little, if anything, in the legislative history of any of these statutes to suggest that the Congress intended to create a private remedy in favor of a party like the movant. Moreover, even to the extent that the United States Supreme Court has

recognized the importance of protecting the FDIC through this package of federal banking legislation, *see D'Oench, Duhme & Company v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 457, 460 [62 S.Ct. 676, 679, 680, 86 L.Ed. 956] (1942), this Court does not interpret these statutes so as to afford the FDIC special status as a "private attorney general" in prosecuting the sorts of claims it now seeks to amend to its complaint.

Finally, while an implied right of action in FDIC's favor is certainly not inconsistent with the underlying purposes of the legislative scheme behind these statutes, and the causes of action the FDIC articulates are not traditionally relegated to state law, the Court opines that these two peripheral considerations pale in comparison with the more compelling conclusions articulated above and the more recent trend against the implication of private causes of action under federal statutes in the context of legislative silence....

Court's *Decision and Order* at 13–15 (December 20, 1984). Significantly, the Court's decision to deny the plaintiff's petition was also based, in part, on the threat of undue prejudice to the defendants and of unreasonable delay in the further litigation of this matter, as follows:

In further support of this conclusion, the Court finds itself somewhat sympathetic to FNB's related contentions regarding delay and prejudice—namely, that the request for leave to amend was interposed at the conclusion of some three years of pretrial activity; that the claim as amended is sufficiently novel to warrant another round of discovery; that important witnesses may no longer be available; and that the trial, when finally conducted, might well prove significantly more complex than the proceedings to date might indicate. To be sure, the FDIC charges that the delay in its interposition of the present motion to amend was occasioned principally by the FNB's "repeated attempts to avoid legitimate discovery during this action, and its acts of fraud and concealment prior thereto."

Plaintiff's *Reply Brief in Support of Motion to Amend* at 43 (August 4, 1983). While declining to resolve any of the motivational cross-charges giving rise to the vitriolic arguments on both sides of this motion, the Court would note simply that the amendment, as proposed, would, in all likelihood, alter significantly the landscape of this already complicated litigation. Today, some 58 months after this action was initiated, the Court feels strongly, for the several reasons explained above, that final disposition of the parties' claims should proceed apace....

Court's *Decision and Order* at 16–17 (December 20, 1984).

On the same day that it announced its decision disposing of these significant pretrial matters, the Court conducted a brief hearing on the status of the action. It was at that hearing that counsel for the present movants first signaled their intentions to seek certification for interlocutory appeals of the two, hotly-disputed issues described above. By the time of the subsequent hearing on February 14, 1985, both parties had submitted formal motions, further articulating their interests in immediate appellate review. The merits and demerits of the movants' respective positions are now fully briefed and ripe for disposition.

## 28 U.S.C. § 1292(b) AND THE PARTIES' MOTIONS FOR CERTIFICATION OF INTERLOCUTORY APPEALS

█ Section 1292(b) of Title 28 of the United States Code sets forth those circumstances under which civil litigants may take interlocutory appeals of the decisions of the district courts, as follows:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The statute is to be invoked only in exceptional cases where a decision on appeal may obviate the need for protracted and expensive litigation and, accordingly, should not be used indiscriminately for ordinary litigation. *Kirchen v. Guaranty National Insurance Company,* 422 F.Supp. 58, 61 (E.D.Wis.1976); *Kraus v. Board of County Road Commissioners,* 364 F.2d 919, 922 (6th Cir.1966).

■ It is generally held that a question of law is not "controlling" merely because it is determinative of case at hand; rather, a question is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases. *Kohn v. Royall, Koegel & Wells,* 59 F.R.D. 515, 525 (S.D.N.Y.1973), *appeal dismissed,* 496 F.2d 1094 (2d Cir.1974). Moreover, § 1292(b) was not intended merely to provide an avenue for review of difficult rulings in hard cases, and the mere fact that there is a lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute. *United States ex rel. Hollander v. Clay,* 420 F.Supp. 853, 859 (D.D.C.1976).

■ The companion determination of whether an interlocutory appeal may materially advance the ultimate termination of litigation properly turns on pragmatic considerations. *SCM Corporation v. Xerox Corporation,* 474 F.Supp. 589, 593 (D.Conn.1979). In this undertaking, the district court is well-advised to review the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief. *Marrero v.*

*Banco di Roma (Chicago),* 487 F.Supp. 568, 579 n. 16 (E.D.La.1980) (denying certification request on basis that, among other things, appellate court would not likely be able to decide complex issues on merits prior to scheduled trial date); *Black v. State of Missouri,* 492 F.Supp. 848, 876 (W.D.Mo.1980) (finding that interlocutory appeal would only exacerbate delay in disposition of litigation "already sidetracked ... for a year" by disqualification motions); *Beck v. Communications Workers of America (C.W.A.),* 468 F.Supp. 93, 96 (D.Md.1979) (refusing to grant § 1292(b) motion where, even after years of judicial and union hearings and subsequent appeals, district court would still be required to "make the determination it is now prepared to make"); *Berry v. School District of City of Benton Harbor,* 467 F.Supp. 721, 727 (W.D.Mich.1978) (concluding that appeal would not shorten time needed for completion of lawsuit, would delay implementation of remedy, and would upset schedules of court's experts).

■ As indicated above, defendant First National Bank of Waukesha, Wisconsin, feels strongly that its previous motion to dismiss clearly presents a controlling question of law—namely, whether the plaintiff's purchase and sale of assets was properly consummated by a court of competent jurisdiction, pursuant to 12 U.S.C. §§ 192. Predictably, this movant also maintains that there is substantial ground for disagreement as to the proper resolution of the issue and that the circuit court's attention to this matter would materially advance the termination of this action. While conceding that the defendant's jurisdictional challenge may, indeed, present a controlling question of law that might advance significantly the ultimate termination of this case, the plaintiff maintains that there is no substantial ground for a difference of opinion with respect to the largely constitutional issues raised by the defendant's dismissal request. Nonetheless, the plaintiff has sufficient confidence in the validity of its position that it "would welcome the opportunity to defend the Court's ruling on ap-

peal, following the trial of this matter, or, if the private rights of action issue is certified, then in connection with that issue." *Letter Brief* of William J. French at 1–2 (February 25, 1985).

The Court has reviewed again the parties' briefs on the significant threshold issue previously presented by the jurisdictional motion of defendant First National Bank of Waukesha, Wisconsin. In the wake of this supplemental review, the Court finds itself just as certain today as it was at the time of its ruling of December 20, 1984, that it was a court of competent jurisdiction, constitutionally and lawfully authorized to hear and rule on the propriety of the proposed sale at the hearing of October 21, 1975. While it is beyond dispute that a reversal of this Court's decision by the Seventh Circuit would bring this already long-delayed litigation to a swift conclusion, the Court is less certain, based on the interpretive authority cited above, that the issue is so controlling as to necessitate certification for an interlocutory appeal.

Most centrally, however, the Court's decision to deny this party's certification request is premised on its strong feeling that there exists no substantial ground for difference of opinion on the jurisdictional issue presented. In this context, the Court does not interpret the 1941 decision of the Court of Appeals in *Mitchell v. Joseph,* 117 F.2d 253 (7th Cir.1941), as so clearly supportive of the defendant's position as to mandate recognition of a substantial dispute over the Court's authority under 12 U.S.C. §§ 192. This position is more fully articulated in the *Decision and Order* issued on December 20, 1984—a position to which the Court closely adheres today. Based on its belief that an interlocutory appeal on this issue would only serve to shift temporarily the forum in which this action would be litigated, the Court will deny this movant's request for certification under 28 U.S.C. § 1292(b).

For largely the same reasons, the Court finds that certification on its refusal to permit the plaintiff to amend its complaint would prove both unjustified and ill-advised. To be sure, the plaintiff has articulated a credible argument that its right to sue under the subject national banking statutes does present a controlling question of law: Contending that recognition of a private right of action is both practically and legally critical to this litigation, the plaintiff believes that the Court's decision denying it leave to amend "seriously affects the relief available to the FDIC in this case, not only in terms of amount of damages awardable, but also in terms of the kinds of conduct the FDIC, by such lawsuits as this one, can deter." *Plaintiff's Brief in Support of Motion to Certify Interlocutory Appeal* at 5 (January 25, 1985).

Pursuant to the other prerequisites for certification established by 28 U.S.C. § 1292(b), the plaintiff postulates some substantial ground for difference of opinion as to its private causes of action under the federal banking laws and, in this context, notes that the Court itself described the question as "a close one" in its ruling of December 20, 1984. Finally, the plaintiff suggests that a reversal of this Court's decision following a trial based solely on those theories presented in the original complaint would necessitate a retrial of the additional claims for punitive damages—a proceeding that might prompt a significant duplication of witnesses, testimony, and other evidence. In short, immediate appellate review of this Court's denial of the plaintiff's Rule 15(a) motion might materially advance the termination of this action, or so the argument goes.

Defendant First National Bank of Waukesha, Wisconsin, opposes the plaintiff's certification petition on three principal bases—first, that the Court's decision to deny leave to amend was largely discretionary and thus does not involve a "controlling question of law" for purposes of 28 U.S.C. § 1292(b); second, that there is no substantial authority to support any of the purported private rights of action, thus disproving the existence of any difference of opinion on the relevant issues; and, third,

that even if a second trial on the plaintiff's punitive damages claims is mandated by the circuit court, the issues presented in that proceeding would be sufficiently distinct from those in the initial trial to render insignificant any present concern about the needless expenditure of judicial, prosecutorial, and defensive resources. Because it finds itself in substantial agreement with the opposing views raised by the defendant, the Court concludes that the plaintiff's present petition under 28 U.S.C. § 1292(b) is properly denied.

■ In particular, the Court harbors serious reservations about the extent to which the question of law presented by the plaintiff's motion to amend is actually controlling, as that term is used in 28 U.S.C. § 1292(b). Notwithstanding the Court's previous observations that the resolution of the central issue presented by the plaintiff's Rule 15(a) motion is not susceptible of simple resolution, the mere fact that disposition may prove difficult does not justify characterization of the critical question as "controlling."

■ Similarly, the apparent lack of clear authority on private rights of action under the numerous federal banking laws invoked by the plaintiff suggests that any difference of opinion on this issue might prove more spurious than real. Moreover, while recognizing some validity in the movant's interest in the conservation of litigation resources, the Court simply cannot conclude, when viewing the record of this case as a whole, that its ultimate disposition would be materially advanced by an interlocutory appeal at this stage. If, in the end, the Court of Appeals for the Seventh Circuit determines that this tribunal abused its discretion in denying the plaintiff's motion to amend, the Court fully expects that it will be in a position to tailor and carefully limit the nature and scope of any supplemental proceedings on the proposed punitive damages claims.

Most importantly, however, the Court finds that its decision not to permit amendment of the complaint, to the extent that it was premised on the companion specters of prejudice to the opposing parties and further, undue delay in the litigation of this matter, is not a proper subject for certification under the statute. Acknowledging that the mere presence of some discretionary element in a trial court's decision need not preclude an interlocutory appeal, the Court nonetheless finds that the nature of its decision in this case is such that the remedial purposes behind 28 U.S.C. § 1292(b) would not be promoted if the present petition were granted. As it declined to do in discussing the merits of the defendant's certification request, the Court refuses to believe in this context that the interests of all parties in a speedy yet just resolution of their claims would be promoted by permitting the requested appeal.

If, at the conclusion of all proceedings in this forum, the Court of Appeals determines that one or both of the principal motions disposed of by the Court's *Decision and Order* of December 20, 1984, should have been granted, the positions of one or both of the present movants may be vindicated. From the Court's perspective, however, the unlikelihood that either of the subject rulings will be reversed on appeal necessitates that the present motions for certification be denied and that the prosecution and defense of this case now proceed toward some final disposition.

## CONCLUSION

For the reasons articulated above, the Court hereby DENIES the plaintiff's motion of January 25, 1985, for certification of an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of that portion of the Court's *Decision and Order* of December 20, 1984, denying the plaintiff leave to amend its complaint to add a claim for punitive damages.

The Court further DENIES the motion of February 12, 1985, of defendant First National Bank of Waukesha, Wisconsin, for certification of an interlocutory appeal, likewise pursuant to 28 U.S.C. § 1292(b), of that portion of the Court's *Decision and Order* of December 20, 1984, denying the

defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

Pursuant to the Court's scheduling order at the hearing of February 14, 1985, in this case, defendant First National Bank of Waukesha, Wisconsin, shall file and serve its motion for summary judgment by *April 1, 1985*. Thereafter, absent stipulations of the parties, that motion shall be briefed pursuant to Local Rule 6.01.

Finally, in order to expedite resolution of the summary judgment petition once it is fully briefed, the Court has scheduled a hearing at *1:00 p.m., on Wednesday, May 22, 1985*. Counsel for all parties should appear at that hearing prepared to argue their respective positions on the merits of the defendant's motion. The Court expects to be in a position to resolve the summary judgment motion at the conclusion of the parties' arguments or shortly thereafter.

If appropriate, the Court also anticipates establishing interim and final discovery deadlines and scheduling the case for further proceedings, including trial, at the close of the hearing on the twenty-second.