**In re AUTO DEALER SERVICES, INC., Debtor.**

**AUTO DEALERS GROUP, Plaintiff,**

v.

**AUTO DEALER SERVICES, INC., Defendants.**

**No. 86–938–CIV–ORL–18.**

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 3, 1987.

Ronald A. Harbert, Orlando, Fla., for plaintiff.

Michael G. Williamson, Orlando, Fla., for defendants.

## ORDER

GEORGE KENDALL SHARP, District Judge.

This matter is before the court upon plaintiff's motion for leave to appeal from that portion of the Bankruptcy Courts Order, 65 B.R. 681, granting the debtor's motion for partial summary judgment. The Bankruptcy Court determined it would be unjust to allow dealers to retain any unearned advance commissions, and, therefore, granted debtor's motion for summary judgment on the issue of unjust enrichment. Plaintiff seeks leave to appeal this determination. The issue on appeal is whether the Bankruptcy Court was correct in finding that a contract exists for purposes of breach of contract, while concurrently implying a quasi-contractual relationship, necessarily determining that for liability purposes an actual contract does not exist.

Title 28 U.S.C. § 158(a) provides that district courts shall have jurisdiction

to hear appeals from "... interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title [28 USCS 157]." Bankruptcy Rule 8001(b) sets forth the procedure for filing notice for leave to appeal. Rule 8001(b) states that:

> An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 1334(b) or § 1482(b) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

A party can only file for interlocutory appeal from a non final order. An order is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Matter of Wisz*, 778 F.2d 762, 764 (11th Cir.1985) (citing *Catlin v. U.S.*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)); *Caradelis v. Refineria Panama, S.A.*, 384 F.2d 589, 591 (5th Cir.1967) ("only when nothing save ministerial tasks relating to computation of damages remains can a mere determination of liability be construed as a 'final determination' "); *see Stong v. Bucyrus–Erie Co.*, 476 F.Supp. 224, 225 (E.D.Wis. 1979) ("there is abundant authority supporting the proposition that an interlocutory appeal is appropriate with respect to orders granting partial summary judgment"). Assuming the order of October 16, 1986, to be a "final determination" regarding the issue of liability, there remains the issue of damages, the amount of which cannot be determined by "mere computation," but will require substantial trial time to establish. This case, therefore, involves a non final order from which an interlocutory appeal can be taken, providing plaintiff satisfies the statutory requirements.

Title 28 U.S.C. § 1334(b) embodies no specific guidelines for determining when district courts should entertain interlocutory appeals, although it is clearly within each court's discretion. *See Federal Deposit Ins. v. First National Bank Of Waukesha*, 604 F.Supp. 616, 620 (E.D.Wis. 1985). Several courts have employed the analogous standards set forth in 28 U.S.C. § 1292(b). *See In re Hunt Inter. Resources Corp.*, 57 B.R. 371 (N.D.Tex.1985); *In re Hebb*, 53 B.R. 1003 (D.C.Md.1985); *In re White Motor Corp.*, 25 B.R. 293 (N.D.Ohio 1982); *In re Den–Col Cartage & Distribution, Inc.*, 20 B.R. 645 (D.Colo. 1982). The standards set forth are: (1) whether the bankruptcy courts decision involves a "controlling question of law," (2) as to which there is "substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re White Motor Corp.*, 25 B.R. at 296.

■ Regarding the first factor, a question is not controlling merely because it is determinative of the case at hand, but is controlling "only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *Federal Deposit Ins.*, 604 F.Supp. at 620. The instant appeal, arguably, involves a controlling question of law, since quasi-contract was found to be the sole basis of dealer liability. The decision to imply a quasi-contractual relationship will likely govern the entire issue of dealer liability, not only for the 34 dealers involved in this case, the "test case," but also for those dealers not privy to this action. Therefore, the first requirement of interlocutory appeal is satisfied.

■ Plaintiff must next demonstrate that there is substantial ground for difference of opinion regarding this particular issue. In *Federal Deposit Ins.*, the court stated that interlocutory appeal was "... not intended merely to provide an avenue for review of difficult rulings in hard cases, and the mere fact that there is lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion." 604 F.Supp. at 620; *see Stong*, 476 F.Supp. at 225 (substantial ground for difference of opinion reflected in fact that prior to decision,

three district courts had invalidated the provision and three had upheld it); *United States ex rel. Hollander v. Clay*, 420 F.Supp. 853, 859 (D.D.C.1976) (fact that no cases exist interpreting applicable provision does not necessarily create substantial ground for difference of opinion). In its Order dated October 14, 1986, the Bankruptcy Court admits there are no authoritative cases. However, case law indicates that "substantial ground for difference of opinion" normally requires that at least two courts interpret the law differently. Simply because plaintiff would interpret the applicable law differently does not establish a "substantial ground for difference of opinion."

 In addition to not meeting the second requirement, plaintiff has not shown an interlocutory appeal "would materially advance the ultimate termination of the litigation." *See First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc.*, 64 B.R. 963 (D.Del.1986) (denying motion for leave to appeal after determining that even though order involved controlling question of law for which substantial ground for difference of opinion existed, appeal failed to materially advance disposition of litigation). The Bankruptcy Court is approaching trial on the damages; discovery and other pre-trial matters have been completed. At this stage an interlocutory appeal would only delay the litigation, and ultimately prove more costly than going forward with trial. *See Lorentz v. Westinghouse Elec. Corp.*, 472 F.Supp. 954, 956 (W.D.Pa.1979) (citing *Caldwell v. Seaboard Coastline Railroad*, 435 F.Supp. 310 (W.D.N.C.1977)) (interlocutory appeal will not advance termination of litigation where discovery is already completed and case is ready for trial).

In granting appellee's motion for leave to appeal, the *Stong* court emphasized the fact that determination of the issue on appeal would dispose of the entire case. 476 F.Supp. 225. In this case the Bankruptcy Court retained jurisdiction over the issue of damages arising from debtor's unjust enrichment claim, and over debtor's counter-claim on the issue of fraudulent transfer. Disposition of dealer liability will not dispose of the fraudulent transfer issue; the Bankruptcy Court must still hold trial. Therefore, this court concludes the issues presented in the instant case would be more appropriate for an appeal from final judgment, since the parties are so near trial, and all related issues could be appealed upon final determination.

Accordingly, plaintiff's motion for leave to appeal from the Bankruptcy Court's Order granting debtor's motion for partial summary judgment is hereby DENIED.